**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| FITANGO, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. |
| | ) | |
| MY HEALTH, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Fitango, Inc. ("Plaintiff" or "Fitango") hereby asserts the following claims against Defendant My Health, Inc. ("Defendant" or "My Health"), a Delaware corporation and alleges as follows:

## NATURE OF THE ACTION

1.      This is a declaratory judgment action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et. seq.* and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Fitango seeks a declaration of non-infringement and invalidity of U.S. Patent No. 6,612,985 B2 ("the '985 Patent"). A true and correct copy of the '985 Patent is attached hereto as **Exhibit A**.

## THE PARTIES

2.      Plaintiff Fitango is a corporation duly organized and existing under the laws of the State of Delaware with offices at 119 W. 57th Street, Suite 615, New York, New York 10019.

3.      Upon information and belief, Defendant My Health is a corporation duly organized and existing under the laws of the State of Delaware with offices at 7001 W. Parker Road, Suite 431, Plano, Texas 75093.

## JURISDICTION AND VENUE

4.     Upon information and belief, Defendant My Health is a Delaware corporation and has a registered agent with the State, National Corporate Research, Ltd., located at 615 S. DuPont Highway, Dover, Delaware 19901.

5.     This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.  .   Defendant My Health is subject to personal jurisdiction in this judicial district because, upon information and belief, it is a Delaware corporation and regularly conducts business in the State of Delaware and in this District.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400 because, upon information and belief, My Health is a corporation organized and existing under the laws of the State of Delaware and resides in this judicial district pursuant to § 1391(c).

## BACKGROUND

8.     Fitango, through its FitangoCare patient engagement product, provides chronic care management and readmission avoidance solutions that help patients self-manage and improve their health through technology.

9.     On or about July 28, 2014, Patent Licensing Alliance ("PLA"), acting on behalf of My Health, sent a letter to Fitango entitled "Infringement of U.S. Patent No. 6,612,985 and Licensing Opportunity" that stated: "Your FitangoCare solution employs the technology claimed and disclosed in United States Patent 6,612,985."

10.     According to the LinkedIn page for Kyla Welch, one of the two PLA "account managers" who signed PLA's July 28, 2014 correspondent, "PLA is a patent licensing firm working with inventors and patent owners to protect their intellectual property."

11.     The July 28, 2014 correspondence further asserted that "[o]ur research group and legal team have thoroughly reviewed the FitangoCare solution and believe that it utilizes the technology claimed and disclosed in the [the '985 Patent]" and that "[t]he patent covers your products and requires a license if you intend to continue to sell these products."

12.     My Health attached a claim chart to the July 28, 2014 correspondence that purported to outline My Health's position concerning Fitango's alleged infringement.

13.     The July 28, 2014 correspondence further stated that "Because of . . . ever increasing instances of improper use without a license, My Health has been enforcing its intellectual property rights."

14.     Upon information and belief, between 2012 and the present, My Health has filed complaints in litigations against no fewer than twenty-four other companies involved in the health care industry, alleging infringement of the '985 Patent.  These cases include: *My Health, Inc. v. CardioNet, Inc.*, No. 2:14-CV-00681 (E.D. Tex.); *My Health, Inc. v. Biotronik, Inc.*, No. 2:14-CV-00680 (E.D. Tex.); *My Health, Inc. v. Tandem Diabetes Care, Inc.*, No. 2:14-CV-00684 (E.D. Tex.); *My Health, Inc. v. Health Dialog, Inc.*, No. 2:14-CV-00682 (E.D. Tex.); *My Health, Inc. v. LifeScan, Inc.*, No. 2:14-CV-00683 (E.D. Tex.); *My Health, Inc. v. Tunstall Healthcare USA, Inc.*, No. 2:14-CV-00685 (E.D. Tex.); *My Health, Inc. v. Pleio Health Support Systems, Inc.*, No. 2:14-CV-00661 (E.D. Tex.); *My Health, Inc. v. Sotera Wireless, Inc.*, No. 2:14-CV-00663 (E.D. Tex.); *My Health, Inc. v. Robert Bosch Healthcare Systems, Inc.*, No. 2:14-CV-00662 (E.D. Tex.); *My Health, Inc. v. Vivify Health, Inc.*, No. 2:14-CV-00664 (E.D. Tex.); *My*

*Health, Inc. v. Nonin Medical, Inc.*, No. 2:14-CV-00660 (E.D. Tex.); *My Health, Inc. v. BodyMedia, Inc.*, No. 2:14-CV-00653 (E.D. Tex.); *My Health, Inc. v. Alere, Inc.*, No. 2:14-CV-00652 (E.D. Tex.); *My Health, Inc. v. Cardiomedix, Inc.*, No. 2:14-CV-00654 (E.D. Tex.); *My Health, Inc. v. Entra Health Systems, LLC*, No. 2:14-CV-00657 (E.D. Tex.); *My Health, Inc. v. Healthrageous, Inc.*, No. 2:14-CV-00658 (E.D. Tex.); *My Health, Inc. v. Confidant Hawaii, LLC*, No. 2:14-CV-00655 (E.D. Tex.); *My Health, Inc. v. Medisana AG*, No. 2:14-CV-00659 (E.D. Tex.); *My Health, Inc. v. Philips Medical Systems North America, Inc.*, No. 2:13-CV-00140 (E.D. Tex.); *My Health, Inc. v. GenerationOne, Inc.*, No. 2:13-CV-00138 (E.D. Tex.); *My Health, Inc. v. Click4Care, Inc.*, No. 2:13-CV-00137 (E.D. Tex.); *My Health, Inc. v. CardioCom, LLC*, No. 2:13-CV-00136 (E.D. Tex.); *My Health, Inc. v. Honeywell HomMed, LLC*, No. 2:13-CV-00139 (E.D. Tex.); and *My Health, Inc. v. ZeOmega, Inc.*, No. 2:12-CV-00251 (E.D. Tex.).

15.     Additionally, upon information and belief, after receiving letters similar to PLA's July 28, 2014 correspondent to Fitango, two other companies involved in the health care industry filed declaratory judgment actions in this judicial district, seeking declarations of non-infringement and/or invalidity of the '985 Patent.   These cases include: *Voxiva, Inc. v. My Health, Inc.*, No. 1:14-CV-00910 (D. Del.) and *Authentidate Holding Corp. v. My Health, Inc.*, No. 1:13-CV-01616 (D. Del.).

16.     My Health's July 28, 2014 correspondence and the numerous litigations filed and claims made by My Health over the past two years alleging infringement of the '985 Patent created a reasonable apprehension and substantial likelihood that, if Fitango does not pay and agree to enter into a license with My Health, My Health will sue Fitango for the alleged infringement of the '985 Patent.

## THE PATENT-IN-SUIT

17.     The '985 Patent, entitled "Method and System for Monitoring and Treating a Patient," issued on September 2, 2003, from U.S. Patent Application No. 09/793,191 filed February 26, 2001.

18.     Upon information and belief, on or about April 23, 2001, the listed inventors Michael E. Eiffert and Lisa C. Schwartz, assigned their interests to the University of Rochester.

19.     Upon information and belief, on or about April 1, 2014, the University of Rochester assigned its interest in the '985 Patent to My Health.  Upon information and belief, between 2012 and April 1, 2014, My Health was the exclusive licensee of the '985 Patent.

## CLAIM 1 – DECLARATION OF NON-INFRINGEMENT

20.     Paragraphs 1 through 19 above are incorporated by reference as though  fully stated herein.

21.     My Health has alleged that Fitango is infringing technology claimed in the '985 Patent without authorization.

22.     Fitango has not infringed and does not directly or indirectly infringe any claim of the '985 Patent, either literally or under the doctrine of equivalents.

23.     Particularly viewed in the light of My Health's litigious history, the allegations of infringement against Fitango have created a substantial, immediate and real controversy between the parties as to the non-infringement of the '985 Patent.  A valid and justiciable controversy has arisen and exists between Fitango and My Health within the meaning of 28 U.S.C. § 2201.

24.     A judicial determination of non-infringement is necessary and appropriate so that Fitango may ascertain its rights regarding the '985 Patent.

## CLAIM 2 – DECLARATION OF INVALIDITY

25.     Paragraphs 1 through 24 above are incorporated by reference as though fully stated herein.

26.     My Health has alleged that Fitango is infringing technology claimed in the '985 Patent without authorization.

27.     One or more claims of the '985 patent are invalid because they fail to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

28.     Particularly viewed in the light of My Health's litigious history, the allegations of infringement against Fitango have created a substantial, immediate and real controversy between the parties as to the invalidity of the '985 Patent.  A valid and justiciable controversy has arisen and exists between Fitango and My Health within the meaning of 28 U.S.C. § 2201

29.     A judicial determination of invalidity is necessary and appropriate so that Fitango may ascertain its rights regarding the '985 Patent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Fitango prays for a declaration from this Court and judgment as follows:

A.     That Fitango does not infringe any claims of the '985 Patent;

B.     That the '985 Patent is invalid and unenforceable;

C.     That this is an exceptional case within the meaning of 35 U.S.C. § 285; and

D.     Such other and further relief as this Court deems just, reasonable and proper.

## JURY DEMAND

Fitango demands a trial by jury on all issues presented in this Complaint.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Eric Shimanoff
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY  10036-6799
(212) 790-9200

Dated:  August 22, 2014

1163399

By:  /s/ Jonathan A. Choa
    Jonathan A. Choa (#5319)
    Alan R. Silverstein (#5066)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE  19899
    (302) 984-6000
    jchoa@potteranderson.com
    asilverstein@potteranderson.com

*Attorneys for Plaintiff*
*Fitango, Inc.*

7